■ In the Matter of JAMES WHEELER FORSYTH, an Attorney.—James Wheeler Forsyth, an attorney currently under suspension, has tendered his resignation as an attorney and counselor at law by affidavit dated November 22, 1975. Mr. Forsyth was admitted to practice by this court on March 15, 1950 and was suspended from the practice of law for a period of one year, and until the further order of this court, by our order effective November 1, 1973. By his affidavit, Mr. Forsyth indicates that he is aware of the following five complaints presently being investigated by the Joint Bar Association Grievance Committee for the Second and Eleventh Judicial Districts: (1) In July, 1972 Mr. Forsyth was retained to settle an estate and, as the result of a tax lien, he was authorized to hold $2,500, as escrowee, until he obtained the release of the lien. He thereafter failed to obtain the release of the lien and failed to account for the $2,500 which he held in escrow. (2) Sometime prior to 1964 Mr. Forsyth was appointed coexecutor of an estate. He caused two stock certificates representing, in aggregate, 150 shares of stock in the General Motors Corporation to be issued in the names of the two executors and the estate. After the certificates were delivered into his possession, he executed an affidavit alleging that the certificates were lost and then forged on said affidavit the signatures of his coexecutor and that of an attorney purportedly acknowledging the signatures of the two executors. Relying upon the forged affidavit, replacement certificates were issued and delivered to Mr. Forsyth, who negotiated them and failed to account to his coexecutor for her interest in the said stock. (3) After being retained to prosecute a personal injury action, Mr. Forsyth agreed, on June 9, 1972, to settle said case for $8,500 without the knowledge or consent of his client. When Mr. Forsyth received the settlement draft, on or about June 30, 1972, he forged the name of his client to the said draft and negotiated it, converting the proceeds to his own use. (4) In 1973 Mr. Forsyth was retained to prosecute a personal injury claim on behalf of his client's son. The matter was forwarded to trial counsel, who obtained a settlement of $7,200. His client has received only $3,500 of the settlement because Mr. Forsyth failed to substantiate his client's claim for reimbursement of expenses. The same client retained Mr. Forsyth to cancel the purchase of a $1,000 television set; he again failed to take any action on behalf of his client. (5) In or about 1968 Mr. Forsyth was retained to prosecute a personal injury action and thereafter failed to advise his client of the status of the case. In his affidavit, Mr. Forsyth acknowledges that if charges were predicated upon the misconduct alleged above, he could not successfully defend himself on the merits. He further indicates that his resignation is freely and voluntarily submitted; that he is not being sub-

jected to coercion or duress; and that he is fully aware of the implications of submitting his resignation. Mr. Forsyth's affidavit conforms to the requirements of section 691.9 of the rules of this court (22 NYCRR 691.9). Under the circumstances herein, the resignation of James Wheeler Forsyth as a member of the Bar is accepted and directed to be filed; and it is ordered that his name be struck from the roll of attorneys and counselors at law, effective forthwith. Hopkins, Acting P. J., Martuscello, Latham, Cohalan and Rabin, JJ., concur.